UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

QUINTIN J. MAYWEATHER-BROWN,

    Plaintiff,

    v.

MARK SEVIER,

    Defendant.

CAUSE NO.: 3:18-CV-712-JD-MGG

OPINION AND ORDER

Quintin J. Mayweather-Brown, a prisoner without a lawyer, filed this lawsuit without paying the filing fee. He has not filed a motion to proceed in forma pauperis, and, even if he had, he has accrued three strikes under the Prison Litigation Reform Act. *See Mayweather-Brown v. Elkhart Co. Sheriffs Dept.*, 3:17-cv-178 (N.D. Ind. filed Feb. 28, 2017). Therefore, he may not proceed in forma pauperis, except for claims alleging that he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g). In order to meet the imminent danger standard, the plaintiff must articulate a real and proximate threat. *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003). Only "genuine emergencies" qualify as a basis for circumventing § 1915(g). *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002).

In a motion for a preliminary injunction, Mayweather-Brown alleges that, on July 31, 2018, he was assaulted by several correctional officers in retaliation for filing a lawsuit. He states that these correctional officers continue to work around him and have

threatened him with further physical violence. Mayweather-Brown plausibly alleges that he is in imminent danger of physical harm.

Mayweather-Brown asks for numerous forms of injunctive relief. However, "[t]he PLRA circumscribes the scope of the court's authority to enter an injunction in the corrections context. Where prison conditions are found to violate federal rights, remedial injunctive relief must be narrowly drawn, extend no further than necessary to correct the violation of the Federal right, and use the least intrusive means necessary to correct the violation of the Federal right." *Westefer v. Neal*, 682 F.3d 679 (7th Cir. 2012). Therefore, injunctive relief, if granted, will be limited to requiring correctional officials to refrain from subjecting Mayweather-Brown to physical force in violation of his constitutional rights under the First and Eighth Amendments.

For these reasons, the court:

(1) GRANTS Quintin J. Mayweather-Brown leave to proceed against Mark Sevier in his official capacity on an injunctive relief claim to require correctional staff to refrain from subjecting him to physical force in violation of his constitutional rights under the First and Eighth Amendments;

(2) DISMISSES all other claims;

(3) DIRECTS the clerk and the United States Marshals Service to issue and serve process on Mark Sevier at the Indiana Department of Correction with a copy of this order and the motion for preliminary injunction (ECF 1) as required by 28 U.S.C. § 1915(d); and

(4) ORDERS Mark Sevier to file an affidavit or declaration addressing Quintin J. Mayweather-Brown's allegations of imminent danger of physical harm and the motion for preliminary injunction (ECF 1) by <u>October 9, 2018</u>.

SO ORDERED on September 6, 2018

/s/ JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT